UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

CHERI A. FOSTER,

     Plaintiff                  Civil No. 17-12901 (NLH/AMD)

    v.                               **OPINION**

MARRIOTT RESORT HOSPITALITY
CORPORATION, GRANDE VISTA OF
ORLANDO CONDOMINIUM
ASSOCIATION, INC., MARRIOTT
VACATIONS WORLDWIDE
CORPORATION,
MARRIOTT VACATION CLUB
INTERNATIONAL,

     Defendants.
_____

**APPEARANCES**:

RICHARD GRUNCO, JR.
GRUNCO COLARULO
1926 GREENTREE ROAD, SUITE 210
CHERRY HILL, NJ 08003
    On behalf of Plaintiff

CATHLEEN KELLY REBAR
JEANNIE PARK LEE
REBAR BERNSTIEL
470 NORRISTOWN ROAD, SUITE 210
BLUE BELL, PA 19422
    On behalf of Defendants


**HILLMAN**, District Judge

    Presently before the Court is Defendants' motion to transfer the venue of Plaintiff's case to Florida. For the reasons expressed below, Defendants' motion will be granted.

**BACKGROUND**

Plaintiff, Cheri Foster, sustained injuries from a slip and fall on March 24, 2016, at the Marriott Grande Vista, a hotel owned by Defendant Marriott Resort Hospitality Corporation and located at 5925 Avenida Vista, Orlando, Florida. As a result of the fall, Plaintiff suffered comminuted fractures of the right tibia and fibula.[1] These injuries required open reduction surgery resulting in external fixation of the fractures with a rod, a plate, and screws. Plaintiff claims that dangerous conditions on the walkway of the hotel caused her fall.

Plaintiff commenced this action on December 11, 2017, in this Court.[2] Defendant Marriott seeks to transfer venue to the United State District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes Defendant's motion.

**DISCUSSION**

**A. Standard for Jurisdiction**

---

[1] A comminuted fracture is where the bone shatters into three or more pieces.

[2] Before any answers were filed, Plaintiff filed an Amended Complaint on December 12, 2017, and a Second Amended Complaint on December 29, 2017. (Docket No. 3, 9.) By agreement of the parties, Defendants Marriott Vacation Club International, Marriott Vacations Worldwide Corporation, and Grande Vista of Orlando Condominiums, Inc. were dismissed without prejudice. (Docket No. 14.) The only remaining defendant is the moving defendant, Marriott Resorts Hospitality Corp ("Marriott").

Plaintiff's Second Amended Complaint states that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff's claims are in excess of $75,000 and complete diversity of citizenship exists between the parties. Plaintiff is a citizen of New Jersey, and Defendant is a South Carolina corporation with its principal place of business in Florida.

**B. Standard for Motion to Transfer Venue**

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Analysis of whether a transfer is appropriate under § 1404(a) is flexible, and based on the unique facts of the case. Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 479 (D.N.J. 1993).

The Court of Appeals for the Third Circuit has provided interest factors, both public and private, for a court to consider when undertaking analysis of whether to transfer under § 1404(a). Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The private interest factors are: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of

the parties; (5) the convenience of the witnesses; and (6) the location of books and records.  Id.

The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty from court congestion; (4) local interest in deciding local controversies at home; (5) public policies of the fora; and (6) the familiarity of the trial judge with applicable state law in diversity cases.  Id. at 879-80.

**C. Analysis**

The application of the private and public interest factors on balance weigh in the favor of transferring this case to Florida.

All of the private factors, except for Plaintiff's forum preference, either weigh in the favor of Defendant or are neutral.  With regard to the parties' forum preferences, Defendant prefers the venue of Florida, while Plaintiff prefers New Jersey.  As a general matter, the plaintiff's preference is afforded greater weight under § 1404.  Ricoh, 817 F. Supp. at 480 (quoting Sandvik v. Continental Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1989)).  But the choice of forum by a plaintiff is "simply a preference; it is not a right."  Id. (citation omitted).

A plaintiff's forum choice is given less deference where the operative events giving rise to the complaint did not occur in a plaintiff's chosen district. Id. at 481. This court has frequently disregarded a plaintiff's preferred venue when New Jersey has little connection to the operative facts. See Wm. H. McGee & Co. v. United Arab Shipping Co., 6 F. Supp. 2d 283, 290 (D.N.J. 1997) (finding that in a cargo damage suit, the plaintiff's preferred venue of New Jersey could be overridden when operative facts occurred in Louisiana); Ricoh, 817 F. Supp. at 481 (stating that "[w]hen the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference"); Rappoport v. Steven Spielberg, Inc., 16 F. Supp. 2d 481, 500 (D.N.J. 1998) (stating that the forum a film-maker's complaint against Steven Spielberg, Inc. was not entitled to deference and was improperly placed in New Jersey because the plaintiff's chosen forum had no connection to the facts underpinning plaintiff's case, other than being the plaintiff' state of residence).

In this case, because the injury underlying the complaint occurred in Florida, the deference normally afforded to Plaintiff's venue choice is curbed, and is weighed against the other interest factors identified in Jumara.

As for the other private and public interest factors, in Florida is: (1) the building where Plaintiff fell; (2)

Defendants' employee who responded to the incident; (3) the first responders who responded to the incident; (4) the medical staff who performed Plaintiff's surgery; (5) the staff responsible for the upkeep and inspection of the hallway in which Plaintiff was injured; (6) the records relating to the maintenance of the hallway, and any prior concerns or incidents at the Grande Vista; and (6) most of the key post-accident witnesses.

Plaintiff argues that the majority of the witnesses to the fall and its immediate aftermath live in or near New Jersey. Those witnesses are Plaintiff's adult children, Alexis Foster and Thomas Foster, and Plaintiff herself. Although important to Plaintiff's case, the Court does not view Plaintiff's children as the most pertinent witnesses in the venue analysis.

Transfer is favored where the most pertinent witnesses are found in the transferee district. See Mancini v. Benihana, No. 13-cv-03167, 2013 WL 6147808, at *4 (D.N.J. Nov. 22, 2013) (finding that transfer of a slip and fall case from New Jersey to Colorado was appropriate, even though the only eye-witness to the fall resided in New Jersey, because the staff of the Benihana where the plaintiff fell were residents of Colorado). The medical responders, and Defendant's staff responsible for the upkeep of the walkway where the incident occurred, all of whom reside in Florida, have more probative value than

Plaintiff's eye-witness children because of their technical knowledge of Plaintiff's injury immediately after the fall and the state of the walkway when the injury occurred. Thus, the majority of private factors weigh in favor of transferring Plaintiff's case to Florida.

The public interest factors also weigh in favor of transferring venue. Plaintiff fell in a hotel in Florida, and received initial treatment for these injuries in Florida. Florida has a local interest in determining negligence cases that occur within its boundaries. Mancini, 2013 WL 6147808 at *4 (concluding that transferring venue from New Jersey to Colorado for a negligence case for a slip and fall at a Colorado Benihana was appropriate because the state of Colorado had an interest in ensuring that local restaurants maintain safe premises). Also, while a district court sitting in diversity is able to interpret any state's law, a Florida court will be more familiar with Florida negligence law. See Lauria v. Mandalay Corp., No. 07-cv-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (deciding that transferring a negligence claim arising in a Nevada hotel from New Jersey to Nevada was appropriate because the District of Nevada was likely more familiar with Nevada law). Court decisions applying Florida law impact Florida citizens. Consequently, Florida's citizens have a stake in the outcome, and the jury should be chosen from their numbers. See

Lind v. Nat'l Railroad Passenger Corp., No. 08-cv-2678, 2009 WL 113458, at *1 (D.N.J. Jan. 9, 2009) (granting motion seeking transfer from New Jersey to New York due to New York citizens' stake in the outcome of an application of New York state law). Additionally, transferring venue to Florida would make the jury inspection of the site of the incident easier. Lastly, due to the operative facts occurring in Florida, it would be improper for the burden of jury duty to be imposed on the citizens of New Jersey. See Ziemkiewicz v. R+L Carriers, Inc., 12-cv-1923, 2013 WL 505798, at *4 (D.N.J. Feb. 8, 2013) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation") (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947)).

Plaintiff's two main arguments to keep her case here are that she received much of her post-surgery medical treatment in New Jersey, and that the superior financial resources of Defendant make it easier for them to litigate in New Jersey than it is for the Plaintiff to litigate in Florida. This District has routinely transferred similar cases, and our case law favors transfer to the Florida venue under these circumstances. Subsequent medical treatment in New Jersey for injuries that occurred in other venues is not dispositive when the injury underlying the claim occurred in another state. See Peller v. Walt Disney World Co., No. 09-cv-6481, 2010 WL 2179569, at *2

(D.N.J. May 28, 2010) (concluding that transfer from New Jersey to Florida for a personal injury claim was appropriate, despite plaintiff receiving medical treatment in New Jersey, because New Jersey had little connection to the operative facts of the case); Green v. Desert Palace, Inc., No. 10-cv-908, 2010 WL 1423950, at *2 (D.N.J. Apr. 8, 2010) (finding that transfer from New Jersey to Nevada of a personal injury case was appropriate, despite inconvenience to the plaintiff, and plaintiff's medical treatment occurring in New Jersey); Rahwar v. Nootz, No. 94-cv-2674, 1994 WL 723040, at *2 (D.N.J. Dec. 27, 1994) (transferring venue for a personal injury claim from New Jersey to New York, despite the plaintiff's doctor residing in New Jersey).

Plaintiff argues that New Jersey is a more appropriate venue because of Defendant's superior financial status and ability to absorb the costs of litigating in a foreign venue. Financial inequity between the two parties, however, cannot override all other factors for determining venue in the case. Lauria v. Mandalay Corp., No. 07-cv-817, 2008 WL 3887608, at *5 (D.N.J. Aug. 18, 2008) (concluding that transfer of a claim arising from a slip and fall in a Nevada hotel from New Jersey to Nevada was appropriate, despite the inconvenience and economic harm to the plaintiff). In similar personal injury cases, courts have routinely rejected plaintiffs' efforts to argue against transferring venue on the grounds it would be

easier for the defendants to incur the cost of litigating in the plaintiff's foreign venue. See Gambil v. Wal-Mart Stores, Inc., No. 08-cv-4297, 2009 WL 90137 (D.N.J. Jan. 12, 2009) (transferring venue from New Jersey to New Mexico, despite inconvenience to plaintiff, and large gulf in resources between plaintiff, a New Jersey citizen, and defendant corporation); Skyers v. MGM Grand Hotel LLC, No. 14-cv-4631, 2015 WL 1497577, at *3 (D.N.J. Apr. 1, 2015) ("The financial inequity of the parties, however, cannot override all the other factors in this case, especially when many non-party witnesses are located in Nevada, and the situs of the accident is in Nevada and cannot be brought to New Jersey for inspection"); Goldstein v. MGM Grand Hotel & Casino, No. 15-cv-4173, 2015 WL 9918414, at *2 (D.N.J. Nov. 4, 2015) (finding that transfer of venue from New Jersey to Nevada was appropriate, even in light of plaintiff alleging that they lacked the means to litigate in a foreign venue for time and financial reasons). Although the Court considers the relative financial strength of the two parties, and accepts that Defendant is more financially robust, in this case the other factors tip the scale in favor of transfer.

## **CONCLUSION**

The decision to transfer falls within the sound discretion of the trial court. Long v. E. I. DuPont de Nemours & Co., 886 F.2d 628, 632 (3d Cir. 1989). The trial court is given broad

discretion and flexibility to decide if a transfer under § 1404(a) is appropriate.  In light of the public and private factors largely favoring the venue change, and case law overwhelmingly favoring transferring venue to where an injury occurred, transfer to the Middle District of Florida is appropriate.  Consequently, the Court will grant Defendant's Motion to Transfer Case to the Middle District of Florida.  An appropriate Order will be entered.


Date: July 10, 2018                   s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.